CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 3 1 2007

JOHN F. CORCORAN, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SYLVIA E. DAVIS, ) | |
| ) | Civil Action No. 7:06CV00635 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By:   Hon. Glen E. Conrad |
| ) |         United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Sylvia E. Davis, was born on May 19, 1946, and eventually reached the eleventh grade in school. Mrs. Davis has been employed as an office worker. She last worked on a regular and sustained basis in 1972.

Mrs. Davis' efforts to establish entitlement to a period of disability and disability insurance benefits have a tortuous history. The case now before the court marks the second occasion on which plaintiff has sought judicial review under 42 U.S.C. § 405(g). In an earlier memorandum opinion dated March 26, 2003, the court undertook to summarize the administrative history of the matter as follows:

On June 17, 1980, Mrs. David filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on February 28, 1972 due to multiple sclerosis. Mrs. Davis now maintains that she has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act through the first quarter of 1976, but not thereafter. See, gen., 42 U.S.C. §§ 414 and 423. Consequently, Mrs. Davis is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 1976. See, gen., 42 U.S.C. § 423.

Mrs. Davis' claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 15, 1981, the Law Judge also determined that Mrs. Davis was not disabled. Plaintiff did not seek further administrative review. Instead, she filed a second application for a period of disability and disability insurance benefits on November 12, 1993. Her second claim was also denied upon initial consideration and reconsideration. Mrs. Davis then sought and received a de novo hearing and review before another Administrative Law Judge. In an opinion issued on May 16, 1995, the second Law Judge ruled that Mrs. Davis was not under a disability at any time prior to the termination of her insured status on March 31, 1976. See, gen., 42 U.S.C. §§ 414 and 423. On this occasion, Mrs. Davis filed a request for review by the Social Security Administration's Appeals Council.

While the Appeals Council's decision was pending, plaintiff filed a third application for disability insurance benefits on February 3, 1999. On June 11, 1999, the Appeals Council remanded plaintiff's second case to an Administrative Law Judge for further proceedings because the record compiled in connection with the November 12, 1993 application could not be located. In an order of dismissal dated August 24, 2000, the Administrative Law Judge denied plaintiff's request for a hearing, in connection with both her second and third applications for benefits. Stated succinctly, the Law Judge ruled that the issues of plaintiff's entitlement to benefits at all times prior to the termination of her insured status had been adjudicated by virtue of the Administrative Law Judge's decision on the first application for benefits and that further adjudication, as sought by the second and third applications, was barred under the doctrine of administrative *res judicata*. See 20 C.F.R. § 404.957(c)(1). Mrs. Davis then filed a request for review by the Social Security Administration's Appeals Council. On April 9, 2001, the Appeals Council denied the request for review.

Mrs. Davis filed her complaint in this court on April 17, 2001. Citing Califano v. Sanders, 430 U.S. 99 (1977), the Commissioner filed a motion to dismiss,

2

arguing that the court was without subject matter jurisdiction. The court denied the motion. The court ruled that under well established case law, the Commissioner may not rely upon the doctrine of administrative *res judicata* in a situation in which the merits of the case have been reconsidered to any degree by the Commissioner, pursuant to the subsequent applications. See McGowen v. Harris, 666 F.3d 60 (4th Cir. 1981); Farley v. Califano, 599 F.2d 606 (4th Cir. 1979). The court noted that, in his order of dismissal of the second and third claims, the Administrative Law Judge reconsidered all of the earlier evidence of record in concluding that plaintiff's multiple sclerosis had not reached disabling proportion on or before March 31, 1976. More importantly, the court recognized that the Law Judge's order of dismissal of August 23, 2000 constituted the Commissioner's final ruling on plaintiff's second application for benefits. The court found that it was beyond question that in the course of adjudication of the second application, the Commissioner considered the merits of plaintiff's claim that she was disabled for all forms of substantial gainful employment as of March 31, 1976. The court directed the Commissioner to file an answer in this matter, including a transcript of the administrative hearings and record.

In its opinion of March 26, 2003, the court summarized the medical evidence then of record, as well as the contentions of the parties, as follows:

> Having now received and reviewed the administrative record, the court finds that the evidence supports plaintiff's contention that she suffered from multiple sclerosis as of the date of a neurological exam on March 24, 1976, and that her condition was so severe on that day as to meet or equal the listing for multiple sclerosis set forth under Rule 11.09(C) of Appendix I to Subpart P of the Administrative Regulations Part 404.[1] However, the court also believes that there is support for the Commissioner's contention that plaintiff's multiple sclerosis did not meet, and could not be expected to meet, the duration requirement for disability insurance benefits at any time prior to the termination of her insured status on March 31, 1976.[2] The court believes that the key issue in this case turns on the duration or persistence of plaintiff's multiple sclerosis during the period of time immediately before and after the termination of her insured status.

---

[1] If a claimant suffers from a listed impairment under Appendix I, the claimant must be considered to be disabled for all forms of work, without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. § 404.1520(d).

[2] Under 20 C.F.R. § 404.1505(a), entitlement to benefits is conditioned on proof of a disability for all substantial gainful employment by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

3

As is often the case in such circumstances, the relevant medical evidence is limited. It seems that when Mrs. Davis first started noticing symptoms of what was later diagnosed as multiple sclerosis, she sought treatment and diagnosis from Dr. John D. Varner, a neurologist. Dr. Varner treated plaintiff on a sporadic basis between March of 1976 and April of 1979. Thereafter, and continuing through the present time, Mrs. Davis has been treated, again on a somewhat sporadic basis, by Dr. J. Gordon Burch, another neurologist. Based on Dr. Burch's reports as well as a report from a consultative examination, it is beyond question that Mrs. Davis is now disabled as a result of her multiple sclerosis. As noted above, the only real issue in this case concerns the point in time at which plaintiff became permanently disabled.

In remanding Mrs. Davis' second application for further proceedings before the Administrative Law Judge, the Social Security Administration's Appeals Council issued the following instructions:[3]

> In compliance with the above, the Administrative Law Judge will offer the claimant an opportunity for a hearing, address the evidence which was submitted with the request for review, take any further action needed to complete the administrative record and issue a new decision. (TR 81-82).

In conducting the supplemental administrative hearing as directed by the Appeals Council, the Administrative Law Judge arranged for input from Dr. Ward Stevens, a board certified neurosurgeon, who acted as a medial advisor. After reviewing all of the medical reports of record, Dr. Stevens clearly opined that a medical report from Dr. Varner dated March 24, 1976 established the existence of a listed impairment on the basis of multiple sclerosis, under Rule 11.09(C) of Appendix I. (TR 250-52). However, Dr. Stevens also observed that based on the scarcity of the medical records, as well as the episodic nature of multiple sclerosis with its many "peaks and valleys," it was impossible to say whether plaintiff's disabling symptoms persisted for any period in excess of twelve months, beginning at a point in time prior to the termination of insured status. (TR 241-42, 248-49, 251).

---

[3] In its earlier opinion and order denying the Commissioner's motion to dismiss, the court interpreted these instructions as a clear indication that the Commissioner was reviewing the second and third applications on the merits, as required for a "constructive reopening" under McGowen v. Harris, supra.

The court ultimately remanded the case to the Commissioner for consideration of new medical evidence. See Borders v. Heckler 777 F.2d 954 (4th Cir. 1985). The new evidence consisted

4

of a report from Dr. J. Gordon Burch, plaintiff's treating neurologist since 1979. Stated succinctly, Dr. Burch reviewed all of the earlier reports of record, especially those of Dr. John D. Varner, and concluded that Mrs. Davis suffered from a listed impairment, based on multiple sclerosis, since at least March 30, 1976. Dr. Burch considered the condition to be such as to have rendered plaintiff disabled for all forms of substantial gainful employment on a permanent basis, beginning at a time prior to the termination of her insured status. The court recognized that Dr. Burch's opinion varied somewhat from that of the medical advisor, Dr. Ward Stevens, as to whether plaintiff's disabling condition rendered her continuously disabled from a point in time on or before March 31, 1976. In remanding the case for further proceedings, the court commented as follows:

> Should the Commissioner be unable to decide this case in plaintiff's favor based on the existing record and the new evidence from Dr. Burch, the Commissioner shall conduct a new administrative hearing at which both sides will be allowed to present additional evidence and argument. It is obvious that at such a hearing, it would be helpful to receive input from Dr. Stevens, or some other medical advisor.

Subsequent to the court's order of remand, the Social Security Administration's Appeals Council assigned Mrs. Davis' case to another Administrative Law Judge for a de novo hearing and decision. The supplemental administrative hearing was conducted on October 21, 2004. Once again, Dr. Ward Stevens testified as a medical advisor. Once again, Dr. Stevens testified that Mrs. Davis met the appropriate listing for multiple sclerosis in 1976, "or even potentially before that." (TR 485). Dr. Stevens cited a variety of medical reports, especially those from Dr. Varner and Dr. Burch, in support of his opinion. (TR 485-89). More to the point, Dr. Stevens testified that the evidence indicates that Mrs. Davis has continued to meet the listing level of severity for multiple sclerosis since that same, earlier period of time. (TR 489-90).

5

The administrative adjudication of Mrs. Davis' claim then took a new, and most remarkable twist. Following conduct of the supplemental administrative hearing, the Administrative Law Judge issued a new decision on December 23, 2004. The Administrative Law Judge denied plaintiff's claim, not on the basis of the medical record, but rather on the finding that plaintiff engaged in substantial gainful activity some time after termination of her insured status.[1] Thus, the Law Judge concluded that plaintiff has not been disabled for a continuous period prior to the termination of her insured status. (TR 290). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having once again exhausted all available administrative remedies, Mrs. Davis filed her second, and currently pending, appeal to this court.

On May 31, 2007, the Commissioner moved for remand of the case for a new hearing and decision. Apparently recognizing that the current administrative decision cannot be sustained, see Lively v. Secretary, 820 F.2d 1391 (4th Cir. 1987), the Commissioner now urges the court to permit additional development of the medical record, including additional testimony from a another medical expert, so as to permit a more informed decision as to whether plaintiff has remained disabled on a continuous basis since prior to the termination of her insured status. Mrs. Davis opposes the Commissioner's motion for remand. Plaintiff has filed a motion for summary judgment, and now seeks a ruling on that motion.

After a review of the record in this case, the court can only conclude that the Commissioner's motion for remand must be denied. At this point in time, the court simply finds no cause to believe

---

[1] Throughout all the earlier administrative proceedings, it had been recognized that plaintiff had had employment income after March 31, 1976. The Law Judge who had considered Mrs. Davis' second application for benefits had specifically ruled that plaintiff's work after termination of insured status did not qualify as substantial gainful activity. (TR 37).

6

that fair and reasonable adjudication of plaintiff's case could be benefitted through receipt of additional evidence and expert testimony. Following the first order of remand, the Commissioner's mandate could not have been clearer. The Commissioner was charged to receive additional input from a medical advisor as to whether plaintiff's multiple sclerosis rendered her disabled for a continuous period beginning prior to the termination of insured status. Inasmuch as the Commissioner had previously chosen Dr. Ward Stevens to offer expert testimony, the court suggested that Dr. Stevens again be commissioned to review the record and to offer additional findings and opinions, after considering the new report from Dr. Burch which Dr. Stevens had not previously seen. At the supplemental administrative hearing, Dr. Stevens clearly opined that Mrs. Davis was disabled prior to the termination of insured status, based on the existence of a listed impairment for multiple sclerosis, and that she had remained disabled to the present time. Simply stated, Dr. Stevens offered testimony which was not consistent with the Commissioner's earlier denials of plaintiff's claim for benefits. The court is at a loss to see how additional medical opinion would change the fact that the medical expert chosen by the Commissioner has interpreted the medical record in such a way as to support plaintiff's application for benefits. Surely, if multiple experts are to be consulted in every case in which an advisor offers an opinion favorable to the claimant, the Commissioner will eventually find some expert who may offer a contrary opinion. However, fundamental principles of reasonableness and fair play weigh heavily against such an exercise. In Mrs. Davis' case, the court finds no cause for remand.

Based on the foregoing analysis, the court also concludes that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment, beginning

at a time prior to the termination of her insured status.[2] It is undisputed that Mrs. Davis is now disabled because of multiple sclerosis. Her treating neurologist has indicated that she was disabled at the time of his first evaluation in 1979. Based on his observations, as well as earlier reports, the same treating neurologist has opined that plaintiff's disability began prior to March 31, 1976. A medical advisor, chosen by the Commissioner, has reviewed all the same evidence and reached the same conclusion. The court concludes that plaintiff's motion for summary judgment must be granted.

The court also believes that principles of fundamental fairness support the result reached in this opinion. Plaintiff first filed application for a period of disability and disability insurance benefits in 1980. She filed her first complaint in this court in 2001. In its first opinion, the court concluded that the Commissioner had misapplied several of the rules undergirding the principle of administrative finality. When called upon to consider plaintiff's claim on the merits of the medical record, the Administrative Law Judge reverted to a denial rationale which had been specifically rejected by the Administrative Law Judge who considered plaintiff's second application for disability insurance benefits. As noted by the Administrative Law Judge who denied plaintiff's request for a hearing on her second and third applications, it is very difficult for a claimant to establish disability onset at a much earlier period of time, and it is even more difficult to establish that the period of disability has been continuous. Yet, given the testimony of the expert designated by the Commissioner, it is difficult to comprehend what more Mrs. Davis could have adduced in support

---

[2] The opinion of the Administrative Law Judge is obviously not supported by substantial evidence. The Commissioner had previously considered plaintiff's work activity after termination of insured status and concluded that it did not constitute substantial gainful activity. Under the law of this Circuit, this earlier ruling is binding and cannot be revisited, absent circumstances not present here. See Lively v. Secretary, supra.

of her claim. The court concludes that plaintiff is entitled to a period of disability and disability insurance benefits.

For the reasons stated, the court finds no cause for remand of this case to the Commissioner for additional development and consideration. The Commissioner's motion for remand shall be denied. Moreover, for the reasons stated, the court is constrained to conclude that the Commissioner's final decision denying plaintiff's entitlement to a period of disability and disability insurance benefits is not supported by substantial evidence. Defendant's motion for summary judgment must be denied. Upon the finding and conclusion that plaintiff has met the burden of proof as prescribed by and pursuant to the Act, judgment will be entered for plaintiff. The final decision of the Commissioner will be reversed, and the case remanded to the Commissioner for the establishment of proper benefits. An appropriate judgment and order in conformity will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 31st day of July, 2007.

_____
United States District Judge